CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

AUG 11 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID BRIAN BASHAM, | ) | |
|     Petitioner, | ) | Civil Action No.7:06cv00373 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LARRY W. JARVIS, | ) | By: Samuel G. Wilson |
|     Respondent. | ) | United States District Judge |

Petitioner David Brian Basham brings this 28 U.S.C. § 2254 petition, challenging his convictions in the Circuit Court of the City of Lynchburg. As a basis of relief, but without any specification, Basham alleges counsel provided ineffective assistance and claims that his Fourth and Fourteenth Amendment rights were violated. This matter is before the court on respondent's motion to dismiss. The court finds that Basham's claims are procedurally defaulted and, therefore, grants respondent's motion.

## I.

Basham was convicted in the Circuit Court of the City of Lynchburg for driving while intoxicated, third offense; two counts of driving after having been declared a habitual offender; identity fraud; and possession of a firearm by a violent felon. He was sentenced cumulatively to eleven years, twelve months, and thirty days, of which four years and six months were suspended.

Basham appealed his convictions, but raised only two issues: 1) whether the trial court erred in overruling Basham's motion to vacate his convictions for driving after having been declared a habitual offender, and 2) whether the jury should have been told during the guilty phase of the trial that in finding Basham guilty they would have no discretion in recommending his sentence. The Court of Appeals of Virginia dismissed Basham's appeals, and his petition for

review by the Supreme Court of Virginia was denied.

Basham then filed a petition for a writ of habeas corpus in the Circuit Court for the City of Lynchburg. His petition was dismissed, and he did not appeal the Circuit Court's decision. Basham then filed a habeas petition in the Supreme Court of Virginia raising the same claims raised in the instant motion; that petition was dismissed as successive pursuant to Va. Code § 8.01-654(B)(2).

In his § 2254 motion, without providing any explanation or allegation of fact supporting his claims, Basham cites as grounds for relief "ineffective assistance of counsel," "illegal search and seizure," "coerced statement and confession," and "denial of due process."

## II.

The Virginia Supreme Court found that all of Basham's claims were procedurally defaulted under Va. Code §8.01-654(B)(2), an independent and adequate state procedural ground for default.[1] Thus, this court may not review his claims unless he demonstrates cause and prejudice. Basham has made no such showing;[2] therefore, the court must dismiss these claims.

---

[1] See Gray v. Netherland, 518 U.S. 152, 161-2 (1996) (finding Va. Code §8.01-654(B)(2) to be an independent and adequate state procedural ground).

[2] First Basham argues that his retained criminal defense attorney's failure to file motions both "before and after" his criminal convictions and failure to respond to correspondence or calls from the petitioner constitutes cause and prejudice capable of excusing his procedural defaults. In order for ineffective assistance of counsel to serve as cause and prejudice, the petitioner must not have procedurally defaulted his underlying ineffective assistance claim. Edwards v. Carpenter, 529 U.S. 446, 453-54 (2000). Because Basham has defaulted all of his claims of ineffective assistance, he may not now cite any other alleged instances of ineffective assistance as cause and prejudice capable of excusing his default.
    Second, Basham argues that inadequacies in the institutional law library constitute cause to excuse his procedural default. Specifically, Basham claims that the law library in the prison in which he was housed when he filed his first state habeas petition did not have a "manual" available to

2

## III.

For the foregoing reasons, the court grants respondent's motion to dismiss.

**ENTER**: This 11th day of August, 2006.

_____
UNITED STATES DISTRICT JUDGE

---

advise him how to properly "prepare a petition." Basham does not allege a complete absence of legal resources in which he could research the rules for filing a state habeas corpus petition and/or any basis for relief, rather he claims only there was insufficient guidance as to the <u>federal</u> rules related to the filing of timely and/or successive federal habeas petitions. As the federal rules pertaining to the filing of federal habeas petitions are not relevant to the petitioner's filing of a state habeas petition, the court finds that the petitioner's allegations of inadequate legal resources is insufficient to excuse his default.

3